No. 12,684.

WALKER ET AL. *v.* THE PEOPLE.

(295 Pac. 787)

Mr. E. M. EAGLETON, for plaintiffs in error.

Mr. JOHN S. UNDERWOOD, Attorney General, Mr. E. J. PLUNKETT, Assistant, for the people.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

JOHN Walker, Claude Ray and Andrew Halliday, plaintiffs in error, hereinafter referred to as defendants, were informed against for the murder of Coral A. Hickman, and entered a plea of not guilty. The jury, upon trial, found each of the defendants guilty of murder in the first degree, and fixed the penalty at death. The mo-

tion for a new trial was denied, and judgment pronounced in accordance with the verdict of the jury. The two assignments of error presented and argued here are: (1) The admission of evidence of other crimes; (2) the court's refusal to give defendants' tendered instruction.

The defendants, on the morning of March 14, 1930, held up and robbed the Manter State Bank at Manter, Kansas, and immediately thereafter fled in an automobile toward Colorado. The sheriff's office at Eads, Colorado, was notified of this fact, and requested to be on the lookout for the robbers.

Coral A. Hickman, undersheriff of Kiowa county, and a deputy sheriff, stationed themselves on the main traveled highway leading westward from Kansas, and presently saw the defendants speeding toward them. The officers made no attempt to stop the defendants, but immediately after they had passed, started in pursuit. After a short time the defendants stopped their car, got out, and came back to the car in which the officers were riding, and which was stopped near defendants' car. The defendants were armed, and were brandishing their weapons when they came to the officers' car; they disarmed the deputy sheriff, and attempted to kill him as he was making an effort to escape; and they fired five shots into the body of Hickman, inflicting wounds, from the effects of which he died almost immediately. The defendants then drove north into Cheyenne county, where, upon seeing three men, who were in fact officers, but which fact was unknown to defendants, they again opened fire, wounded two of the officers, and escaped. Later the same day, they held up the driver of an automobile, stole it, and continued their flight back into Kansas, where they were apprehended by Kansas officers, and returned to Colorado for trial. Neither the officers in Kiowa nor Cheyenne counties had an opportunity to attempt an arrest before the defendants began firing.

██ 1. Certain witnesses were permitted to testify, over the objection of defendants, to the bank robbery

preceding the murder; to the shooting in Cheyenne county; and to the larceny of an automobile, occurring subsequent to the murder. There was no error in the admission of this evidence. *Abshier v. People,* 87 Colo. 507, 524, 289 Pac. 1081.

The defendants each made a full, complete, and detailed confession, with reference to all these matters, and the same were transcribed, freely and voluntarily signed by them, and no objection to the admission of the confessions in evidence was made.

■ 2. The defendants tendered an instruction, which the court refused to give, in which was stated the procedure to be followed by peace officers in Colorado, in apprehending fugitive criminals from other states. It is difficult for us to discuss this assignment of error, because we cannot conceive what purpose could be served by the instruction. We have examined the entire record with care, and do not find that there is any evidence whatever to indicate that the defendants knew or cared whether the men at whom they were so promiscuously shooting were officers or private citizens.

The defendants were ruthless and merciless, and undertook to kill anyone and everyone whom they believed to be in the way of their escape.

We may assume that the tendered instruction correctly states the law, and yet it has no application to the facts in this case, and, therefore, the refusal to give it is not error.

The defendants were afforded a fair and impartial trial; the attorney, appointed by the court to represent them, did all that could honorably be expected of him in the hopeless defense of three heartless, merciless, and cold-blooded murderers, whose only redeeming quality seems to be the honesty and candor with which they confessed their crimes, after it must have been evident to them that further chance of escaping the penalty was unavailing. The attorney who presented the cause in

this court also deserves credit for the fairness with which he presented his cause.

The defendants are clearly guilty of the crime charged; their murderous conduct precludes any valid defense, and our duty under the circumstances in this case is plain.

Judgment affirmed, and it is further ordered that it be executed during the week ending January 31, 1931.

MR. JUSTICE BUTLER not participating.